SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
LAURA BURSON, Cal. Bar No. 204459
333 South Hope Street, 43rd Floor
Los Angeles, California 90071-1422
Telephone:  213.620.1780
Facsimile:  213.620.1398
Email:      lburson@sheppardmullin.com

OLIFF PLC
PETER T. EWALD (Admitted *Pro Hac Vice*)
JOHN A. RADI (Admitted *Pro Hac Vice*)
11 Canal Center Plaza, Suite 200
Alexandria, Virginia 22314
Telephone:  703.836.6400
Facsimile:  703.836.2787
Email:      pewald@oliff.com
          jradi@oliff.com

Attorneys for Defendant
EPSON AMERICA, INC.
(Additional counsel listed on following page)

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| FLEXIWORLD TECHNOLOGIES, INC.,<br><br>        Plaintiff,<br><br>   v.<br><br>EPSON AMERICA, INC.,<br><br>        Defendant. | Case No. 8:21-cv-00807-AB-DFM<br><br>**STIPULATED PROTECTIVE ORDER** |

| | |
|---|---|
| Timothy E. Grochocinski,<br>   Admitted *Pro Hac Vice*<br>Edwin R. Nelson<br>   Admitted *Pro Hac Vice*<br>Ryan Griffin,<br>   Admitted *Pro Hac Vice*<br>NELSON BUMGARDNER ALBRITTON PC<br>15020 S. Ravinia Ave., Suite 29<br>Orland Park, Illinois 60462<br>Telephone:  708.675.1975<br>Email:     tim@nbafirm.com<br>         ed@nbafirm.com<br>         ryan@nbafirm.com | Attorneys for Plaintiff<br>FLEXIWORLD TECHNOLOGIES,<br>INC. |
| Brandon Fernald<br>FERNALD LAW GROUP APC<br>15910 Ventura Blvd., Suite 1702<br>Los Angeles, California 91436<br>Telephone:  323.410.0320<br>Email:     brandon@fernaldlawgroup.com | Attorneys for Plaintiff<br>FLEXIWORLD TECHNOLOGIES,<br>INC. |

# 1. INTRODUCTION

## A. PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

## B. GOOD CAUSE STATEMENT

This action is likely to involve trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical, and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, source code and technical documentation, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the

[PROPOSED] STIPULATED PROTECTIVE ORDER

prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter.  It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

## 2.    DEFINITIONS

2.1    Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2    "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.3    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"  or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.4    "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items: extremely sensitive "Confidential Information or Items" representing or containing proprietary non-opensource or non-public domain computer code, build environment, and associated comments and revision histories, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

-4-

2.5     Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

2.6     Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery requests as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.7     Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.8     Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.9     House Counsel: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11    Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are employed by a law firm which has appeared on behalf of that party; as well as staff of such counsel to whom it is reasonably necessary to disclose or allow access to Protected Material for this litigation.

2.12   Party: any party to this action, including all of its officers, directors, and employees (and their respective support staffs).

2.13   "Patents-in-Suit" means U.S. Patent Nos. 7,609,402; 8,630,000; 9,036,181; 10,037,178; 10,140,071; 10,140,073; 10,481,846; 10,481,847; 10,642,576; 10,740,066; 10,761,791; 10,768,871; 10,846,031; and 10,873,856, and any additional patents that may be asserted in this matter.

2.14   Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.15   Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.16   Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or as "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or as "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.17   Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

**3.     SCOPE**

3.1     The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its

disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

3.2    Nothing in this Protective Order shall prevent or restrict a Producing Party's own disclosure or use of its own Protected Material for any purpose, and nothing in this Order shall preclude any Producing Party from showing its Protected Material to an individual who prepared or was involved in the preparation of the Protected Material.

3.3    Nothing in this Order shall be construed to prejudice any Party's right to use any Protected Material in court or in any court filing with the consent of the Producing Party or by order of the Court.  Any use of Protected Material at trial shall be governed by the orders of the trial judge.  This order does not govern the use of Protected Material at trial.

3.4    This Order is without prejudice to the right of any Party to seek further or additional protection of any Discovery Material or to modify this Order in any way, including, without limitation, an order that certain matter not be produced at all.

**4.    DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

**5.    DESIGNATING PROTECTED MATERIAL**

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that

qualifies under the appropriate standards.  To the extent it is practical to do so, and except as otherwise provided in this Order, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2    Manner and Timing of Designations.  Except as otherwise provided in this Order (see, e.g., Section 5.2(b) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)    for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page that contains Protected Material.

(b)    for testimony given in deposition, that the Designating Party either (1) identify on the record or (2) identify, in writing, within 21 days of receipt of the final transcript, that the transcript shall be treated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE."

The use of a document as an exhibit at a deposition or other pretrial or trial proceedings shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material.  Any transcript that was not designated on the record pursuant to the first paragraph of Section 5.2(b) above shall be treated during the 21-day period for designation as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety.  After the expiration of that period or as of such earlier time that such transcript is designated, the transcript shall be treated only as actually designated.

(c)      for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE."  If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3     Inadvertent Failures to Designate.  An inadvertent failure to designate qualified information or items does not waive the Designating Party's right to secure protection under this Order for such material.  Upon correction of a designation, the Receiving Party must make all reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1     Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2     Meet and Confer.  All challenges to confidentiality designations shall proceed under L.R. 37-1 through L.R. 37-4.

**7.     ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1     Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the Action has been terminated, a Receiving Party must comply with the provisions of Section 15 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)     the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)     the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

-10-

(c)    Experts (as defined in this Order) of the Receiving Party, as well as up to four (4) employees of said Experts, to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)    the Court and its personnel;

(e)    court reporters and their staff,

(f)    professional jury or trial consultants including mock jurors who have signed a confidentiality agreement, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)    during their depositions, witnesses in the action to whom disclosure is reasonably necessary, with the consent of the Designating Party or as ordered by the Court;

(h)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(i)    any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

7.3    Disclosure of "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" only to:

(a)    the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b)    Experts (as defined in this Order) of the Receiving Party, as well as up to four (4) employees of said Experts, (1) to whom disclosure is reasonably

-11-

necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) for Experts only, as to whom the procedures set forth in Section 7.6 below, have been followed;

(c)     the Court and its personnel;

(d)     court reporters and their staff;

(e)     professional jury or trial consultants including mock jurors who have signed a confidentiality agreement, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(g)     any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

7.4     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a)     the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b)     up to two House Counsel of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)     Experts (as defined in this Order) of the Receiving Party, as well as up to four (4) employees of said Experts, (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and

-12-

1   Agreement to Be Bound" (Exhibit A), and (3) for Experts only, as to whom the

2   procedures set forth in Section 7.6 below, have been followed;

3                    (d)      the Court and its personnel;

4                    (e)      court reporters and their staff;

5                    (f)      professional jury or trial consultants including mock jurors who

6   have signed a confidentiality agreement, and Professional Vendors to whom

7   disclosure is reasonably necessary for this litigation and who have signed the

8   "Acknowledgment and Agreement to Be Bound" (Exhibit A);

9                    (g)      the author or recipient of a document containing the information

10  or a custodian or other person who otherwise possessed or knew the information;

11                   (h)      any mediator or settlement officer, and their supporting

12  personnel, mutually agreed upon by any of the parties engaged in settlement

13  discussions.

14          7.5      Disclosure of "HIGHLY CONFIDENTIAL – SOURCE CODE"

15  Information or Items.  Unless otherwise ordered by the Court or permitted in writing

16  by the Designating Party, a Receiving Party may disclose any information or item

17  designated "HIGHLY CONFIDENTIAL – SOURCE CODE" only to:

18                   (a)      the Receiving Party's Outside Counsel of Record in this action,

19  as well as employees of said Outside Counsel of Record to whom it is reasonably

20  necessary to disclose the information for this litigation;

21                   (b)      up to three Experts of the Receiving Party (1) to whom

22  disclosure is reasonably necessary for this litigation, (2) who have signed the

23  "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom

24  the procedures set forth in Section 7.6 below, have been followed;

25                   (c)      the Court and its personnel;

26                   (d)      court reporters and their staff,

27                   (e)      professional jury or trial consultants (but not mock jurors), and

28  Professional Vendors to whom disclosure is reasonably necessary for this litigation

and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A),

(f)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(g)     any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

7.6     Procedures for Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items to Experts.

(a)     Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to Sections 7.3, 7.4 and 7.5 first must provide to the Designating Party a signed "Acknowledgment and Agreement to Be Bound" (Exhibit A), as well as the following: (1) a copy of the Expert's current resume or curriculum vitae; (2) a list of each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the Expert has provided professional services, including in connection with a litigation or administrative proceeding, at any time during the preceding five years and the party to the litigation or proceeding for whom such work was done; and (3) a list of all patents or patent applications in which the Expert is identified as an inventor or applicant, is involved in prosecuting or maintaining, or has any pecuniary interest.  Notwithstanding anything to the

1   contrary in this paragraph, the up to four (4) employees of any Expert do not need to
2   be disclosed.

3          (b)     A Party that provides the information specified in the preceding
4   respective paragraphs may disclose the subject Protected Material to the identified
5   Expert unless, within ten days of delivering the request (the "Objection Period"), the
6   Party receives a written objection from the Designating Party.  Any such objection
7   must set forth in detail the grounds on which it is based.  The Parties shall work in
8   good faith to agree to longer or shorter Objection Periods if deadlines in the case so
9   require.  For the avoidance of doubt, absent written consent of the Designating
10  Party, the Party may not share Protected Material with the identified Expert until
11  either the expiration of the Objection Period without written objection or until the
12  Parties or the Court resolve the objection.

13         (c)     A Party that receives a timely written objection must meet and
14  confer with the Designating Party (through direct voice to voice dialogue) to try to
15  resolve the matter by agreement within five (5) days of the written objection.  If the
16  dispute is not resolved, the objecting Party will have ten (10) days from the date of
17  the written objection to seek relief from the Court, unless agreed otherwise by the
18  Parties or superseded by the applicable discovery dispute resolution procedures of
19  any Judge or Magistrate Judge presiding over such dispute.  If relief is not sought
20  from the Court within that time, the request for disclosure shall be deemed
21  withdrawn.

22       In any such proceeding, the Party opposing disclosure to the Expert shall bear
23  the burden of proving that the risk of harm that the disclosure would entail (under
24  the safeguards proposed) outweighs the Receiving Party's need to disclose the
25  Protected Material to its Expert.

26  **8.     PROSECUTION BAR**
27       Any attorney representing Flexiworld, whether House Counsel or Outside
28  Counsel of Record, and any person associated with Flexiworld and permitted to

-15-

receive or access Defendant's Protected Material that is designated "HIGHLY
CONFIDENTIAL - ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL
– OUTSIDE ATTORNEYS' EYES ONLY"  or "HIGHLY CONFIDENTIAL -
SOURCE CODE" under this Order shall not be involved in any of the following
activities: (i) preparing, prosecuting, supervising, or otherwise assisting in the
preparation or prosecution of any patent application related by claim of priority, or
otherwise, to any of the Patents-in-Suit or patents relating to the field of the
invention of the Patents-in-Suit; (ii) amending any claim of any of the Patents-in-
Suit or patents relating to the field of the invention of the Patents-in-Suit; and (iii)
advising on, consulting on, preparing, prosecuting, drafting, editing, and/or
amending of patent applications, specifications, claims, and/or responses to office
actions, or otherwise affecting the scope of claims in patent applications relating to
the field of the invention of the Patents-in-Suit.  This Prosecution Bar shall begin
when "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY
CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "HIGHLY
CONFIDENTIAL – SOURCE CODE" information is first viewed or otherwise
learned by the affected person and shall end one (1) year after final disposition of
this action, as defined in Section 15.

These prohibitions are not intended to and shall not preclude counsel from
participating in proceedings on behalf of a Party challenging or defending the
validity of any patent, including, but not limited to, as part of any reexamination,
inter partes review, reissue proceedings, or any other post-grant review proceeding,
except for such counsel shall not participate —directly or indirectly—in the
amendment of any claim(s).  Nothing in this Protective Order shall prevent any
attorney from sending Prior Art to persons involved in prosecuting patent
applications for purposes of ensuring that such Prior Art is submitted to the U.S.
Patent and Trademark Office (or any similar agency of a foreign government) in
compliance with any duty of candor.  Nothing in this paragraph shall prohibit any

attorney of record in this litigation from discussing any aspect of this case that is reasonably necessary for the prosecution or defense of any claim or counterclaim in this litigation.  This Prosecution Bar applies to each individual reviewing the "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" material and does not impute to the law firm, institution, or company who employs the individual.

**9.     SOURCE CODE**

(a)     To the extent production of source code becomes necessary in this case, a Producing Party may designate source code as "HIGHLY CONFIDENTIAL – SOURCE CODE" if it comprises or includes extremely sensitive "Confidential Information or Items" representing or containing proprietary non-opensource or non-public domain computer code and associated comments and revision histories, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

(b)     Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" information including the Prosecution Bar set forth in Section 8, and may be disclosed only to Outside Counsel of Record and up to three (3) Experts as defined in this Order and approved to access Protected Material as set forth in Section 7.5.

(c)     Any source code produced in discovery shall be made available for inspection, in a format allowing it to be reasonably reviewed and searched, during normal business hours (9:00 am to 5:00 pm local time) or at other mutually agreeable times, at an office of the Producing Party's Counsel in California, Virginia, or another mutually agreed upon location.  Regarding source code format, source code shall be made available for inspection in a readable format (including, if applicable, the non-obfuscated format prior to any pre- and post-processing), as it is

-17-

normally kept in the ordinary course of business.  The computer containing source code will be made available upon reasonable notice to the Producing Party, which shall not be less than ten (10) days' notice prior to the first requested inspection and, five (5) days' notice in advance of any additional inspections.  The Producing Party will attempt in good faith to make source code available for review on a shorter notice timeline where reasonably practicable, and in view of case deadlines.  The source code shall be made available for inspection on a secured computer in a room without Internet access or network access to other computers, and the Receiving Party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device.  Representatives of the Producing Party may monitor the review such that the Producing Party is not able to hear any normal volume discussions among the Receiving Party's representatives, or view what specific portions of the Source Code Material that the Receiving Party's representative is inspecting.  All persons viewing Source Code shall sign on each day they view Source Code a log that will include the names of persons who enter the secured room to view the Source Code and when they enter and depart.

(d)     The Producing Party will, upon request, provide a secure breakout room for the Receiving Party's representatives to use during the inspection where computers, cell phones, and other electronics are permitted.

(e)     The Producing Party will, upon request by the Receiving Party, provide up to three (3) paper copies of limited portions of source code (with each portion no greater than 20 consecutive pages and with no more than 300 pages total).  The Receiving Party shall not request paper copies for the purposes of reviewing the source code other than electronically as set forth in Section 9(c) in the first instance.  Within five (5) business days of such request, the Producing Party shall provide one copy of all such source code on watermarked or colored paper including bates numbers and the label "HIGHLY CONFIDENTIAL – SOURCE CODE." If the request is served after 5:00 pm Pacific Time, it shall be deemed

-18-

served the following business day.  The Producing Party may challenge the amount of source code requested in hard copy form pursuant to the dispute resolution procedure set forth in Section 6 whereby the Producing Party is the "Challenging Party" and the Receiving Party is the "Designating Party" for purposes of dispute resolution.  The Parties agree to discuss whether any numerical limits on the total pages of Source Code or total consecutive pages of Source Code printed may be appropriate to the extent the Receiving party reasonably requests additional pages. Notwithstanding anything to the contrary in this paragraph, upon request of the Receiving Party, the Parties agree to meet and confer in good faith regarding any exceptions in a specific instance to the numerical limits on the pages of Source Code that may be printed.

(f)     The Receiving Party shall maintain a log of all paper copies of the Source Code.  The log shall include the names of the reviewers and/or recipients of paper copies and locations where the paper copies are stored.  Upon five (5) business days' advance notice to the Receiving Party by the Producing Party, the Receiving Party shall provide a copy of this log to the Producing Party.  The Receiving Party shall maintain all paper copies of any printed portions of the source code in a secured, locked area.  To the extent a deposition is likely to involve source code, the Party taking the deposition shall provide at least two days written notice of that fact, and the Producing Party may make a source code computer available at the deposition, minimizing the need for additional paper copies of source code, including upon request of the Receiving Party.  Any paper copies used during a deposition shall be retrieved by the Producing Party at the end of each day and must not be given to or left with a court reporter or any other individual.  Notwithstanding anything to the contrary in this paragraph, the Receiving Party may request additional paper copies of the printed source code which shall not be unreasonably withheld.  Any disputes relating to such additional copies shall be handled in accordance with Section 9(e).

(g)     Except as provided in this sub-paragraph, absent express written permission from the Producing Party, the Receiving Party may not create electronic images, or any other images, or make electronic copies, of the Source Code from any paper copy of Source Code for use in any manner (including by way of example only, the Receiving Party may not scan the Source Code to a PDF or photograph the code).  Images or copies of Source Code shall not be included in correspondence between the Parties (references to production numbers shall be used instead), and shall be omitted from pleadings and other papers except to the extent permitted herein.  The Receiving Party may create an electronic copy or image of limited excerpts of Source Code in a pleading, court filing, expert report, trial exhibit, demonstrative, deposition exhibit/transcript, and drafts of these documents.  Such excerpts shall in no instance comprise more than 150 consecutive lines of Source Code.

(h)     No electronic recordable media or recordable devices, including, without limitation, sound recorders, computers, cellular telephones, peripheral equipment, cameras, CDs, DVDs, or drives of any kind, shall be permitted into the Source Code Review Room.

(i)     The Receiving Party's Outside Counsel and/or experts/consultants shall be entitled to take notes relating to the Source Code but may not copy the Source Code into the notes.

(j)     The Receiving Party's Outside Counsel and any person receiving a copy of any Source Code shall maintain and store any paper copies of the Source Code at their offices in a manner that prevents duplication of or unauthorized access to the Source Code, including, without limitation, storing the Source Code in a locked room or cabinet at all times when it is not in use.

(k)     For "HIGHLY CONFIDENTIAL – SOURCE CODE" material designated by a Producing Party, such source code shall be shipped by each Party in

[PROPOSED] STIPULATED PROTECTIVE ORDER

a manner consistent with how each Party ships its own "HIGHLY CONFIDENTIAL – SOURCE CODE" material.

## 10. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

10.1   If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" that Party must:

(a)   Promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b)   Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

(c)   Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the Court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

-21-

10.2   The provisions set forth herein are not intended to, and do not, restrict in any way the procedures set forth in Federal Rule of Civil Procedure 45(d)(3) or (f).

## 11.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)   The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)   In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)   Promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party; and

(2)   Promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested.

(c)   If the Non-Party fails to object or seek a protective order from this court within ten days after receiving the notice and accompanying information (unless a different period of time is specified by a contract or agreement involving the Producing Party and the Non-Party covering the confidentiality and/or disclosure of the information requested), the Producing Party may produce the Non-Party's

confidential information responsive to the discovery request.  If the Non-Party timely objects or seeks a protective order, the Producing Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court.

## 12.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 13.   PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  A Producing Party may assert privilege or protection over produced documents at any time by notifying the Receiving Party in writing of the assertion of privilege or protection.  In addition, information that contains privileged matter or attorney work product shall be returned or destroyed immediately by the Receiving Party if such information appears on its face to have been inadvertently produced or if requested.  After being notified, a Receiving Party must promptly return or destroy the specified information until the claim is resolved.

Pursuant to Federal Rule of Evidence 502(d) and (e), the production of a privileged or work-product-protected document is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding.

For example, the mere production of privilege or work-product-protected documents in this case as part of a mass production is not itself a waiver in this case or any other federal or state proceeding.

**14.    MISCELLANEOUS**

14.1   Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

14.2   Right to Assert Other Objections.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

14.3   Filing Protected Material.  Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.

14.4   Privilege Logs.  The parties agree that any materials protected from discovery by the attorney-client privilege or the work product doctrine created after April 29, 2021, the date that Plaintiff filed this suit, need not be identified on a privilege log under Federal Rule of Civil Procedure 26(b)(5).

14.5   Computation of time.  The computation of any period of time prescribed or allowed by this Order shall be governed by the provisions for computing time set forth in Federal Rule of Civil Procedure 6.

**15.    FINAL DISPOSITION**

Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law and the time limits for

-24-

filing a petition for writ of certiorari to the Supreme Court of the United States if applicable.

Within 60 days after the final disposition of this action, as defined herein, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material, with the exception of paper copies of source code. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

SO ORDERED this 10th day of September 2021.

_____

The Honorable Douglas F. McCormick
UNITED STATES MAGISTRATE JUDGE

SMRH:4847-6685-3114                    [PROPOSED] STIPULATED PROTECTIVE ORDER

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under

penalty of perjury that I have read in its entirety and understand the Stipulated

Protective Order that was issued by the United States District Court for the Central

District of California in the case of *FLEXIWORLD TECHNOLOGIES, INC. v.*

*EPSON AMERICA, INC.*, Case No. 8:21-cv-00807-AB-DFM.  I agree to comply

with and to be bound by all the terms of this Stipulated Protective Order and I

understand and acknowledge that failure to so comply could expose me to sanctions

and punishment in the nature of contempt.  I solemnly promise that I will not

disclose in any manner any information or item that is subject to this Stipulated

Protective Order to any person or entity except in strict compliance with the

provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court

for the Central District of California for the purpose of enforcing the terms of this

Stipulated Protective Order, even if such enforcement proceedings occur after

termination of this action.

I hereby appoint _____ [print or type full name]

of _____ [print or type full address and telephone

number] as my California agent for service of process in connection with this action

or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Signature: _____

Print name: _____

SMRH:4847-6685-3114                              [PROPOSED] STIPULATED PROTECTIVE ORDER